## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Zachary Hodges | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| GM Law Firm, LLC; Chantel L. Grant; National Legal Staffing Support, LLC; Gregory Fishman; Julie Queler; Kevin Mason; Resolvly, LLC; and John and Jane Does Defendants 1-5. | Complaint for: violations of the RICO Act; legal malpractice; fraud; breach of contract; breach of the duty of good faith and fair dealing |
| Defendants. | |

## COMPLAINT

THE PLAINTFF, Zachary Hodges, files suit against the above-named Defendants, and pleads as follows:

*JURY TRIAL DEMANDED*

## INTRODUCTION

1.      This is a single-plaintiff consumer case about an illegal nationwide, advanced-fee, student loan debt resolution scam that leaves vulnerable debtors, like the Plaintiff, Zachary Hodges, thousands of dollars poorer[1], in exchange for broken promises about impossible legal services that are never, and never could be, actually performed.

---

[1] These losses are in addition to Zachary Hodges' consequential damages suffered as a result of the Defendants' student loan debt resolution "program", caused by the "program" requiring that all direct payments, and direct communication, to Zachary Hodges' student loan creditors cease. The non-payment to, and non-communication with, Zachary Hodges' student loan creditors has caused Zachary Hodges' non-dischargeable student loan balances to explode, with the Defendants'' motive being to ensure that *their* monthly payments from Zachary Hodges' continue to be made.

2.     The Defendants, through their web of business relationships, engage in illegal cold-call-telemarketing to solicit consumers, like Zachary Hodges, struggling with their private student loan debt to enroll in the Defendants' student loan debt resolution "program" – which turns out to be nothing more than the Defendants' Enterprise's illegal collection of up-front fees for the performance of little, if any, legitimate legal/debt resolution services.

3.     In brief, the "student loan debt resolution" racket at issue in this lawsuit works as follows: Resolvly, LLC, a shell limited liability company controlled by Gregory Fishman and Julie Queler, purchases, or otherwise obtains under false pretenses, sales-leads of consumers, like Zachary Hodges, who have large private student loan balances. The Defendants particularly focus their marketing efforts on consumers who are struggling with making timely payments on their student loan accounts.

4.     National Legal Staffing Support, LLC ("NLSS"), another shell limited liability company controlled by Gregory Fishman and Julie Queler, cold-calls the consumers, like Zachary Hodges, listed on these sales-leads to solicit customers for the "student loan debt resolution program" at issue in this lawsuit. The sales staff[2] of this racket, employees of Gregory Fishman and Julie Queler's shell companies, represent to the recipients of these cold-calls, like Zachary Hodges, that they work for attorneys, Kevin Mason and Chantel Grant, of the GM Law Firm[3], and that they offer a debt resolution program that is

---

[2] Upon information and belief, the NLSS sales staff is directly supervised by Gregory Fishman and Joseph DeVito, the head NLSS salesman and "fixer" for NLSS and GM Law Firm.
[3] Initially, the attorney marketing fronts for the Defendants' "program" were Stuart Goldberg (prior to 2015), followed by Kevin Mason (beginning in 2015), and then Kevin Mason and Chantel Grant of GM Law Firm (beginning in 2016).

guaranteed to eliminate all the consumer's private student loan debt for payment of fifty

cents on the dollar[4] of the principal balance of the consumer's total student loan balance.

5.    The Defendants' marketing pitch to Zachary Hodges was as follows: that after

completing the Kevin Mason/Chantel Grant/GM Law Firm/NLSS  "program" and paying

of half of the amount of his total loan balance(s) – paid over 72 equal monthly payments

(later changed to 69 equal monthly payments) – that Zachary Hodges' entire student loan

balance would completely eliminated.

6.    These representations, relied upon by Zachary Hodges, are lies.

7.    The attorney-marketing-fronts for this racket, Florida attorneys, Kevin Mason

and Chantel Grant, and their associates at GM Law Firm, provide the cover of legitimacy for

the illegal "debt resolution" programs that the Defendants operate. The use of attorney-

marketing-fronts, like Kevin Mason and Chantel Grant, to provide an air of legitimacy to

this "debt resolution program" is essential to the racket's success in enrolling new clients

(victims), like Zachary Hodges.

8.    Throughout the relevant period (at least since 2015), the Defendants have

engaged individually, and in concert with one another, in unlawful, abusive and unfair

practices with respect to the attorney-client relationships formed with the Plaintiff, Zachary

Hodges.

9.    Zachary Hodges pleads the following claims against the Defendants: (a) claims

for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §

---

[4] The Defendants' marketing agents do not make clear to whom, precisely, these payments ultimately flow. Like all aspects of the Defendants' "program", these details are never provided to the Defendants' clients, like Zachary Hodges, even when the clients repeatedly press the Defendants' agents for these answers.

1962(c) as to all Defendants; (b) fraud as to all Defendants (excluding Kevin Mason and GM Law Firm); (c) claims for attorney malpractice against GM Law Firm, Chantel Grant, and Kevin Mason; and (d) breaches of the duty of good faith and fair dealing against Kevin Mason, Chantel Grant, and GM Law Firm, LLC, only.

## PARTIES

10.     The Plaintiff, Zachary Hodges, is an adult citizen of the state of Georgia who resides within the Atlanta Division of the United States District Court for the Northern District of Georgia.

11.     First-named Defendant, GM[5] Law Firm, LLC, is a Florida limited liability company that purports to offer professional legal services to the public. This law firm is owned and operated by Florida attorneys, Kevin P. Mason and Chantel L. Grant, upon information and belief - although its activities are controlled by Gregory Fishman and Julie Queler. Chantel L. Grant, is the registered agent of GM Law Firm, LLC. It principal place of business is: 1515 South Federal Highway, Suite 105, Boca Raton, Florida 33432.

12.     Second-named Defendant, Chantel L. Grant, is a Florida resident and member of the Florida Bar. Chantel Grant is not licensed to practice law in the state of Georgia.

13.     Third-named Defendant, National Legal Staffing Support, LLC ("NLSS"), is a Delaware limited liability company, with its principal place of business located in the same building as the offices of the other Defendants in this action, at: 1515 South Federal Highway, Suite 113, Boca Raton, Florida 33432. NLSS, and its agents, John and Jane Doe Defendants 1-5, acted as agents and as co-conspirators and co-tortfeasors, acting in

---

[5] The "GM" in GM Law Firm stands for Grant and Mason.

concerted action with the other Defendants, forming a RICO Enterprise, and creating the basis for joint and several liability on the part of all Defendants in this litigation.

14.     Fourth-named Defendant, Gregory Fishman is a Florida citizen. Gregory Fishman, upon information and belief, is the leader of the RICO Enterprise described in this Complaint. Gregory Fishman is a veteran of up-front-debt-resolution scams, going back, in particular, to a similar "credit card debt resolution program" – Debt Be Gone, LLC/Berges Law Group – that was shut down by a federally-appointed Receiver, after the Federal Trade Commission initiated litigation against that operation.

15.     Fifth-named Defendant, Julie Queler, is a Florida citizen. Julie Queler, upon information and belief, is a primary investor, and business partner, to Gregory Fishman in this RICO Enterprise. Julie Queler is involved in the day-to-day management of this Enterprise.

16.     Sixth-named Defendant, Kevin P. Mason, is a Florida attorney and a founding member of GM Law Firm. Kevin Mason is not licensed to practice law in the state of Georgia.

17.     Seventh-named Defendant, Resolvly, LLC ("Resolvly"), is a Florida limited liability company, with its principal place of business located in the same building as NLSS, GM Law Firm, and the former Kevin Mason, P.A., at: 1515 South Federal Highway, Boca Raton, Florida 33432. Resolvly, and its agents, John and Jane Doe Defendants 1-5, act as agents and as a co-conspirators and co-tortfeasors, acting in concerted action with the other Defendants, forming a RICO Enterprise, and creating the basis for joint and several liability on the part of all Defendants in this litigation.

18.     John and Jane Doe Defendants 1-5 (and/or XYZ Business Entity Defendants 1-5) are presently unidentified persons or companies who have participated with Defendants in this "student loan debt resolution" scheme, but whose identities are reasonably expected to be revealed during discovery in this litigation.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 6101-6108. Further, this Court also has subject matter jurisdiction over this dispute based upon the complete diversity of citizenship of the Plaintiff (Georgia citizen) and all the Defendants (Florida citizens and business entities).

20.     This Court possesses specific personal jurisdiction over the Defendant in this action based upon their substantial and purposeful contacts with Georgia, the forum state. The Defendants have reached into Georgia, and availed themselves to the jurisdiction of this Court, by soliciting, and continuing regular communications and correspondence with, Zachary Hodges.

21.     Venue for this dispute properly lies with this Court, as this litigation involves substantial alleged acts or omissions which occurred in the boundaries of the United States District Court for the Northern District of Georgia, Atlanta Division.

## FACTS

22.     On or about early August 2016, Zachary Hodges received a telemarketing telephone call from an agent of "NLSS", on behalf of NLSS, Kevin Mason, P.A. (now dissolved), and attorney, Kevin Mason.

23.     During this call, the telemarketing sales agent of NLSS/Kevin Mason/Kevin Mason, P.A., whose identity is currently unknown, described the terms of the purported "student loan debt resolution" settlement program that is at issue in this lawsuit to Zachary Hodges.

24.     Later, after being induced to join the Defendants' "program" via their material misrepresentations, Zachary Hodges was transferred to NLSS/Resolvly sales manager, Joe DeVito, who closed Zachary Hodges' enrollment into the Defendants' "program" over the telephone on, or about, August 11, 2016.

25.     The terms of the (then) "Kevin Mason Settlement Program" that were represented to Zachary Hodges, orally, during the telemarketing telephone calls that NLSS/Resolvly made to him in August 2016, and that induced him to join this purported "program", are contained in both the "Program Overview" materials and the "Welcome to the Program" materials, which are incorporated, by reference, into this Amended Complaint.

26.     A copy of the "Program Overview" marketing materials – which also function as a telemarketing sales script for this Enterprise – provided by the Defendants to Zachary Hodges (by reading them, orally, during the telemarketing sales pitches) is attached to, and incorporated into, this Complaint as Exhibit "1".

27.     Zachary Hodges distinctly recalls the agents of the Defendants on the August 2016 cold-call sales call making to him the exact promises of complete dismissal of his entire student loan debt in exchange for him paying 50% of her total loan balance, paid over 72 (later lowered to 69) monthly-installments, that are contained in Ex. 1 to this Complaint.

Zachary Hodges, by joining the Defendants' "program" and making his "program" payments, relied on these false promises of the Defendants, and their sales agents.

28.     Page 18 of this "Program Overview", Ex. 1, contains irrefutable examples of the fraudulent misrepresentations made during telemarketing calls to prospective clients, like Zachary Hodges, of this racket in order to induce them to agree to the monthly, illegal, advanced-fee, "debt resolution" payments. Page 18 of the standard Kevin Mason/NLSS Welcome Packet states:

> "The costs of the service are a fixed flat fee that your attorney has allowed you to make monthly installment payments. In order to do this, your attorney utilizes a payment processing company called National Legal Staffing Support. This is the name that will show up on your monthly bank statement. This fee is all that you will have to pay.
>
> **Nothing more, nothing less.**
>
> You can expect to be debt free with 39 to 48 months from your first payment. **It could be less, but not longer.** The reason being is that the litigation process may take shorter because in many cases the banks and their debt collectors settle within the first 12 months of the lawsuit. This is a good thing." See Ex. 1, at Page (Slide) 18 (emphasis added).

29.     Although they likely regret it now, the Defendants put their telemarketing sales script, represented to and relied upon by Zachary Hodges, in writing when they created their "Program Overview", Ex. 1.

30.     Zachary Hodges does not have the telephone calls recorded, but the exact terms of the specific promises contained on Page 18 of Ex. 1 were made by the NLSS/Resolvly salespersons on all telemarketing calls to him. These marketing calls induced Zachary Hodges to sign up for the Defendants' "student loan debt resolution program", because it seemed like a no-brainer to enroll in a program that had the legitimacy of attorney involvement and oversight that **guaranteed** to have Zachary Hodges' entire student loan balance ($44,314.00 at the time of enrollment) for only 50 cents on the dollar.

31.     Moreover, Zachary Hodges was told, during the telemarketing sales calls on the front-end in August 2016, consistent with Page 18 of Ex. 1, that NLSS was the "payment processor" for the "attorneys" who supervise, operate, and manage the "student loan debt resolution program" at issue in this action.

32.     The truth, it turns out, is that Reliant Account Management, a California-based company, is the payment processor for this so-called "program"; NLSS actually functions as the "law firm", staying in contact with the clients (although feeding the clients lies, in order to keep the monthly payments from its client, like Zachary Hodges, coming for as long as possible); and the "attorneys", Kevin Mason and Chantel Grant, are phantoms, insofar as they do not directly communicate with their clients, outside of rare occasions (like when litigation gets threatened, and only after jumping through many hoops to get such a call scheduled).

33.     Interestingly, attorneys, Chantel Grant and Kevin Mason, refuse to answer Zachary Hodges's questions about their "student loan debt resolution program" in writing.

This is to avoid written descriptions of their "program" that would provide evidence of their wrongful acts.

34.      Further, the Kevin Mason "Welcome to the Program" materials/sales script, orally represented to Zachary Hodges by the NLSS/Resolvly sales staff, is attached to this Complaint as Exhibit "2".

35.      According to the "Welcome to the Program" materials/script: "The Law Office Of Kevin P. Mason P.A. IS A BOUTIQUE MULTI-JURISDICTIONAL LAW FIRM BASED IN SOUTH FLORIDA. OUR PRACTICE IS FOCUSED ON CONSUMER RIGHTS IN STATE AND FEDERAL COURT, AS WELL AS IN ARBITRATION MATTERS. OUR PRACTICE ENCOMPASSES DEFENDING OUR CLIENTS' RIGHTS AGAINST ABUSIVE AND ILLEGAL PRACTICES BY DEBT COLLECTORS, CREDITORS, AND CREDIT REPORTING AGENCIES. THE STAFF AT The Law Office Of Kevin P. Mason P.A. HAS MANY YEARS OF EXPERIENCE REPRESENTING PEOPLE LIKE YOU, THE AMERICAN CONSUMER, WHO IS FACING A VARIETY OF LEGAL ISSUES. OUR NETWORK OF ATTORNEYS AND PROFESSIONAL STAFF WILL PROVIDE EXPERT GUIDANCE AND REPRESENTATION. WE HAVE DEDICATED OUR CAREERS TO STANDING UP FOR YOUR RIGHTS. WE WILL ENSURE THAT THE BEST POSSIBLE OUTCOME IN YOUR LEGAL MATTER IS ACHIEVED." Ex. 2, "Welcome to the Program" materials/script, at Page 3.

36.      Yet, perplexingly, and despite the "Welcome to the Program" materials, Ex. 2, claiming to be from "your attorney", Kevin Mason, and "your law firm", Kevin Mason, P.A.

(now replaced by the entity, GM Law Firm), the final page (Page 20) of Ex. 2 contains the

following contact information for the "program":



**ADDITIONAL QUESTIONS?**
CONTACT US.

PHONE: 1-877-212-6920     FAX:    866-219-7237

37.     A copy of Zachary Hodges' August 11, 2016, engagement letter with

Defendant, Kevin Mason, and his now dissolved law firm – the precursor to GM Law Firm

– is attached to, and incorporated into, this Complaint as Exhibit "3".

38.     On or about March 23, 2017, the Defendants' Enterprise (via agents of

National Legal Staff Support") sent Zachary Hodges a "Financial Debt Change Form" that

changed the number (but not the amount to be paid) of monthly payments from 72 to 69

total payments. Perplexingly[6], this "Financial Debt Change Form" listed GM Law Firm,

LLC, as Zachary Hodges' law firm in connection with the Defendants' "program".

39.     The GM Law Firm "Financial Debt Change Form" is attached to, and

incorporated into, this Complaint as Exhibit "4".

40.     NLSS, via advanced-fee payments processed by Reliant Account Management

(RAM), drafted $8,499.40 from Zachary Hodge's bank account, without providing him any

debt resolution, or legal services, of any value, whatsoever. As a matter of fact, the

---

[6] It is not currently known when, and why, the attorney marketing front(s) for this Enterprise changed from
Kevin Mason and Kevin Mason, P.A., to Chantel Grant and Kevin Mason and GM Law Firm in early 2017.

Defendants' "program" has caused Zachary Hodges to go into default on his student loans, with large fees and interest being added to his student loan balance.

41.     Zachary Hodges grew suspicious of the Defendants' program in April 2019, after he could not get answers to his satisfaction about the purported progress being made on the resolution of his student loan balance.

42.     Zachary Hodges cancelled his enrollment in the Defendants' program in April of 2019.

43.     Further, this financial loss has caused Zachary Hodges a cascade of consequential financial, hedonic, and psychological harm to be described to the jury at trial.

## TOLLING OF THE APPLICABLE STATUTES OF LIMITATIONS

44.     Zachary Hodges had no way of knowing the true nature and extent of Defendants' illegal advanced-fee "student loan debt resolution" telemarketing scheme necessary to prosecute his claims until April 2019. As demonstrated in this Complaint, the Defendants were intent on hiding their behavior from Zachary Hodges to keep his monthly payments to them flowing.

45.     Defendants were under a continuous duty to disclose to Zachary Hodges the true character, quality, and nature of the legal representation, and other "student loan debt resolution" services, that they were providing.

46.     Defendants knowingly and actively concealed their illegal advanced-fee "student loan debt resolution" telemarketing scheme, and Zachary Hodges reasonably relied upon Defendants' knowing and active concealment. Zachary Hodges had no way of

knowing the true character, quality, and nature of the legal representation for which he had been charged.

47.     Accordingly, the applicable statutes of limitations have been tolled by operation of the discovery rule and Defendants' concealment with respect to all claims pleaded in this Complaint. Due to this, Defendants are estopped from relying on any statutes of limitations in defense of this action. Further, Defendants' conduct, as directed by Gregory Fishman, Julie Queler, Kevin Mason, and Chantel Grant, was part of a continuing, systematic practice, with the last act in this ongoing illegal, advanced-fee "student loan debt resolution" telemarketing scheme taking place within the applicable statute of limitations. As such, the Defendants are liable for all acts undertaken as part of the scheme as continuing violations.

48.     Additionally, Zachary Hodges, prior to being severed by Order of the Honorable Josephine Staton, District Court Judge, was a named-Plaintiff in the matter of *Grijalva, et al. v. Kevin Mason, P.A., et al.* (Cause No. 8:18-cv-2010-JLS-DFM, United States District Court for the Central District of California). The applicable statutes of limitations for Zachary Hodges claims in this action, therefore, are tolled for the time period of his being a named-Plaintiff in the *Grijalva* action.

### COUNT ONE – VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1962(C), AGAINST ALL DEFENDANTS

49.     Zachary Hodges hereby incorporates, by reference, the preceding paragraphs of this Complaint.

50.     Zachary Hodges is a "person" as that term is defined in 18 U.S.C. §§ 1961(3) and 1962(c).

### A.     Enterprise

51.     For purposes of this claim, the RICO "enterprise" is an association-in-fact, as the term is defined in 18 U.S.C. §§ 1961(4) and 1962(c), consisting of GM Law Firm, LLC; Kevin P. Mason, individually; Chantel L. Grant, individually; National Legal Staffing Support, LLC; Resolvly, LLC; Gregory Fishman, individually; Julie Queler, individually; and John and Jane Doe Defendants 1-5, and XYZ Business Entities ("the Enterprise"). The Enterprise is separate and distinct from the persons and businesses that constitute the Enterprise.

52.     The Enterprise was primarily managed by Gregory Fishman, Julie Queler, Kevin Mason, and Chantel Grant.

53.     The companies and individuals that constitute the Enterprise were associated for the common purpose of defrauding their clients by charging them for illegal, advanced-fee "student loan debt resolution" legal services, via a nationwide cold-call telemarketing operation[7], and otherwise defrauding clients out of their monthly fees based upon promises of complete student loan debt elimination through their "program".

54.     At all relevant times, the Enterprise was engaged in, and its activities affected, interstate commerce. The proceeds of the Enterprise were distributed to its participants.

---

[7] With sales leads of vulnerable student loan debtors, like Zachary Hodges, supplied by Resolvly.

55.     The Enterprise has operated from at least January 2015 and its operation is ongoing. The Enterprise has an ascertainable structure separate and apart from the pattern of racketeering activity in which the participants engage.

### The Pattern of Racketeering Activity

56.     At all relevant times, in violation of 18 U.S.C. § 1962(c), Gregory Fishman, Julie Queler, Kevin Mason, and Chantel Grant have managed the affairs of the Enterprise through a pattern of racketeering activity as defined in RICO, 18 U.S.C. § 1961(5), as described in this Complaint. Gregory Fishman, Kevin Mason, and Chantel Grant have conducted the affairs of the Enterprise and participated in the operation and management of the Enterprise. Gregory Fishman and Julie Queler participate in this pattern of racketeering activity through the business entities, National Legal Staffing Support and Resolvly (and, quite likely, other presently unknown business entities controlled by Gregory Fishman and Julie Queler).

### The Predicate Acts of Mail and Wire Fraud

57.     The pattern of racketeering activity consisted of mail and/or wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. Specifically, Kevin Mason, Chantel Grant, Gregory Fishman, NLSS, and Resolvly, engaged in an intentional scheme or artifice to defraud their clients into setting up monthly auto draft payments under the false, or negligent, premise that the Defendants would completely eliminate their clients' student loan balances with their respective creditors for payment of 50% of their total loan balance, paid over several years of monthly payments to NLSS/Kevin Mason/GM Law Firm, via RAM as the payment-processor.

58.    Of course, the Enterprise's impossible promises of total student loan debt elimination never happen. The Defendants simply pocket these "plan payments" and otherwise convert them for their own, personal gain. Not one cent of this money flows to the consumers' student loan creditors. The Defendants never settle any of the consumers' student loan accounts as a part of their "program".

59.    The false statement and omissions, and mail and/or wire communications that were made by NLSS/Kevin Mason/Resolvly/GM Law Firm/Chantel Grant and John and Jane Does Defendants 1-5/XYZ Business Entity Defendants 1-5 in furtherance of the scheme constitute predicate acts of mail and/or wire fraud.

60.    It was reasonably foreseeable to all Defendants that the mails and/or wires would be used in furtherance of the scheme, and the mails and/or wires were in fact used to further and execute the scheme.

61.    The nature and pervasiveness of the Enterprise necessarily entailed frequent wire and/or mail transmissions. The precise dates of such transmissions cannot be alleged without access to the books and records of the Defendants. Nevertheless, Zachry Hodges can allege such transmissions at to himself, personally. The client emails, and bi-weekly client calls between NLSS/GM Law Firm and the victims of this racket, including Zachary Hodges, were all aimed at keeping the monthly payments to the Defendants flowing.

62.    For the purpose of furthering and executing the scheme, the Defendants regularly transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, electronic data and funds, and also regularly caused matters and things to be placed in post offices or authorized depositories, or deposited or caused to

be deposited matters or things to be sent or delivered by private or commercial interstate carriers.

63.    These communications contained both affirmative misrepresentations about the nature of the "program" charges, and were also intended to deceive Zachary Hodges, and many others, into believing that the monthly "program" charges assessed to their bank accounts was legitimate and would result in the complete satisfaction of their student loan debts.

64.    These are only examples of certain instances of the pattern of racketeering activity consisting of mail and/or wire fraud violations engaged in by the Defendants. Each electronic and/or postal transmission was incident to an essential part of the scheme. As detailed above, the Defendants engaged in similar activities with respect to Zachary Hodges, and likely thousands of other victims, nationwide.

65.    Each interstate wire transfer of funds from Zachary Hodges to RAM, and then from RAM to NLSS (and presumably further downstream transfers, from there, to the other participants in this Enterprise), was incident to an essential part of the scheme. As detailed above, the Defendants engaged in similar activities with respect to Zachary Hodges, and thousands more, nationally.

66.    Additionally, each such electronic and/or postal transmission constituted a predicate act of wire and/or mail fraud in that each transmission furthered and executed the scheme to defraud the Defendants' clients, including Zachary Hodges.

67.    The predicate acts of mail and wire fraud constitute a pattern of racketeering activity as defined in 18 U.S.C. § 1961(5). The predicate acts were not isolated events, but

related acts aimed at the common purpose and goal of defrauding the Defendants' clients to pay unlawful, monthly, advanced-fees for cold-call telemarketed "student loan debt resolution" legal services (as a part of a "program" that also does not exist), solely in order for the Defendants to reap illicit profits.

68.     Additionally, Defendants, NLSS/Resolvly/Gregory Fishman/Julie Queler/Kevin Mason/GM Law Firm/Chantel Grant/John and Jane Doe Defendants 1-5 and/or XYZ Business Entities 1-5 all directly engaged in a pattern of racketeering activity, as defined in 18 U.S.C. § 1961(5), by their repeated, flagrant, and continuing violations of 16 C.F.R. § 310.4(a)(5)(i)'s prohibition on the collection of payment of advanced-fees for telemarketed "debt relief services" prior to the underlying consumer debts having either been settled or renegotiated.

69.     Even further, Defendants, NLSS/Resolvly/Gregory Fishman/Julie Queler/Kevin Mason/Kevin Mason, P.A./Chantel Grant/John and Jane Doe Defendants 1-5/XYZ Business Entities 1-5 all directly engaged in a pattern of racketeering activity, as defined in 18 U.S.C. § 1961(5), by their repeated, flagrant, and continuing violations of 16 C.F.R. § 310.3(a)(2)(x). This is because the Telemarketing Sales Rules prohibit sellers and telemarketers from misrepresenting, directly or by implication, any material aspect of any debt relief service, including, but not limited to, the amount of money or the percentage of the debt amount that a customer may save by using the service.

70.     All Defendants have substantially participated in these predicate acts. These activities amounted to a common course of conduct, with similar pattern and purpose, intended to deceive borrowers.

**Injury to Zachary Hodges**

71.     As a direct and proximate result of violations of 18 U.S.C. § 1962(c) by

Defendants, Zachary Hodges has been injured in her business or property within the

meaning of 18 U.S.C. § 1964(c). Zachary Hodges paid and was charged for unlawful,

monthly auto draft charges to his bank account by reason, and as a direct, proximate and

foreseeable result, of the scheme alleged.

72.     Under the provisions of 18 U.S.C. § 1964(c), all Defendants are jointly and

severally liable to Zachary Hodges for three times the damages sustained, plus the costs of

bringing this suit, including reasonable attorneys' fees.

## COUNT TWO – FRAUD
## AGAINST ALL DEFENDANTS (OTHER THAN GM LAW FIRM, LLC, AND KEVIN MASON)

73.     Zachary Hodges incorporates, by reference, the preceding paragraphs of this

Complaint.

74.     The intentional misrepresentation of material facts related to the Defendants'

purported student loan debt resolution "program" made by Defendants, NLSS/Chantel

Grant/Resolvy/Gregory Fishman/Julie Queler, and their agents working on their behalf,

and under their instruction, to Zachary Hodges constitute separate frauds that have been

committed against him, as detailed in this Complaint.

75.     The Defendants have committed, or actively participated in, knowing and

intentional misrepresentations of the services provided by the student loan debt resolution

"program" that is at issue in this lawsuit. These misrepresentations – that Zachary Hodges

will be entirely debt free from her student loans for payment of 50% of his total student loan

balance, in connection with the "program", over 72 months (and then 69 months) of monthly "program" payments – were material and they are knowingly false.

76.     As a result of his reasonable reliance on NLSS'/Chantel Grants'/Gregory Fishman's/Julie Queler's/Resolvly's, and their agents', fraudulent misrepresentations, detailed in this Complaint, Zachary Hodges has suffered an ascertainable loss of money, property, and other consequential and hedonic damages.

77.     As a result of NLSS'/Chantel Grants'/Gregory Fishman's/Julie Queler's/Resolvly's, and their agents', fraudulent misrepresentations about their student loan debt resolution "program", Zachary Hodges is entitled to recover compensatory damages, all costs of litigation, along with punitive damages in an amount sufficient to deter such conduct in the future, and attorney's fees.

## COUNT THREE – LEGAL MALPRACTICE
## AGAINST DEFENDANTS, GM LAW FIRM, CHANTEL GRANT, KEVIN MASON AND JOHN AND JANE DOE ATTORNEY DEFENDANTS 1-5

78.     Zachary Hodges incorporates, by reference, the facts pleaded in the preceding paragraphs of this Complaint.

79.     Attorneys, Kevin Mason, Chantel Grant, and their law firm, GM Law Firm, and currently unidentified attorneys and business entities working with these attorney and law firms (John and Jane Does 1-5), have committed breaches of the tort-based duties that they owed to Zachary Hodges, as their client.

80.     As a result of his trust of Chantel Grant's, Kevin Mason's, and GM Law Firm's negligent omissions/negligent legal services – believing that these attorney and law firm Defendants would eliminate his student loan debts, as promised – Zachary Hodges has

suffered an ascertainable loss of money, property, and other consequential and hedonic damages (including damage to his credit reports).

81.     Further, these attorney and law firm Defendants violated the professional duties that they owed to Zachary Hodges when they charged him their illegal, and unreasonable[8], advanced-fees for the telemarketed student loan debt relief promised to Zachary Hodges, described in this Complaint, but that these attorney and law firm Defendants never actually provided.

82.     Based upon this professional negligence cause of action against these attorney and law firm Defendants, Chantel Grant/Kevin Mason/GM Law Firm, Zachary Hodges demands a judgment against these Defendants, jointly and severally, for: all actual damages suffered as a result of the negligence of these Defendants; all consequential damages suffered as a result of the negligence of these Defendants; a refund of all monies paid to these Defendants, with pre-and-post judgment interest; all attorney's fees; all costs of litigation.

## COUNT FOUR – BREACHES OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST ALL DEFENDANTS

83.     Zachary Hodges incorporates, by reference, the facts pleaded in the preceding paragraphs of this Complaint.

---

[8] Payment of $22,157.00 in so-called "legal fees" for form cease and desist letters sent to Zachary Hodges' student loan creditors. These cease and desist letters, in fact, only **harmed** Zachary Hodges, since they concealed from him the severe delinquency on his student loans that resulted from the Defendants' "program". The real purpose of these cease and desist letter is not to benefit the Defendants' clients, like Zachary Hodges, but to conceal the student loan delinquencies from the Defendants' clients in order to maximize the amount of monthly payments the Defendants receive, before their clients (victims) inevitably discovery that they have been lied to, and defrauded, by the Defendants.

84.     All Defendants – as described with particularity throughout this Complaint – have repeatedly violated the duties of good faith and fair dealing that they owed to Zachary Hodges. This is because, through their RICO Enterprise, the Defendants have all profited from their concerted frauds perpetuated against Zachary Hodges.

85.     Specifically, Defendants, NLSS/Kevin Mason/GM Law Firm/Chantel Grant/Gregory Fishman/Julie Queler/Resolvly, and their agents, have committed willful breaches of the duty of good faith and fair dealing owed to Zachary Hodges when they unlawfully, and dishonestly, solicited advanced-fees **contract** for the telemarketed student loan debt resolution "program", from Zachary Hodges.

86.     As a sole and proximate result of these wrongful acts on the part of all Defendants, respectively and collectively, Zachary Hodges demands a judgment against them, jointly and severally, for: all actual damages suffered as a result of Defendants' wrongful and dishonest conduct; a refund of all client-monies charged by the Defendants, with pre-and-post judgment interest; all attorney's fees; costs of litigation; and punitive damages.

## PRAYER FOR RELIEF

87.     Zachary Hodges requests that this Court enter a judgment against Defendants and in favor of him, and award the following relief:

a.      that the conduct described in this Complaint be declared, adjudged and decreed to be unlawful;

b.      award Zachary Hodges appropriate relief, including actual damages, statutory damages, treble damages, punitive damages, and restitutionary disgorgement;

c.     award all costs of prosecuting the litigation, including expert fees;

d.     award pre-and-post-judgment interest;

e.     award attorneys' fees; and

f.     grant such additional relief as this Court may deem just and proper.

ZACHARY HODGES
*The Plaintiff*

By: /s/ Tyler P. Scarbrough
     Tyler P. Scarbrough

TYLER P. SCARBROUGH – GA BAR # 401055
tscarbrough@henscarlaw.com
HENNER & SCARBROUGH LLP
3379 PEACHTREE ROAD NE, SUITE 555
ATLANTA, GA 30326
TELEPHONE: (404) 260-3206
FACSIMILE:  (404) 260-3205

By: /s/ Macy D. Hanson
     Macy D. Hanson
**(Pro hac vice application
forthcoming)**

MACY D. HANSON – MS BAR # 104197
macy@macyhanson.com
THE LAW OFFICE OF MACY D. HANSON, PLLC
THE ECHELON CENTER
102 FIRST CHOICE DRIVE
MADISON, MISSISSIPPI 39110
TELEPHONE: (601) 853-9521
FACSIMILE: (601) 853-9327