## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Zachary Hodges<br><br>        Plaintiff,<br><br>          v.<br><br>GM Law Firm, LLC; Chantel L. Grant; National Legal Staffing Support, LLC; Gregory Fishman; Julie Queler; Kevin Mason; Resolvly, LLC; JG Factor, LLC; and John and Jane Does Defendants 1-5.<br><br>        Defendants. | Civil Action No. 1:20-cv-03799-JPB<br><br>First Amended Complaint for: violations of the RICO Act; legal malpractice; fraud; breach of contract; breach of the duty of good faith and fair dealing |

## FIRST AMENDED COMPLAINT

THE PLAINTFF, Zachary Hodges, files this First Amended Complaint against the above-named Defendants, and pleads as follows:

*JURY TRIAL DEMANDED*

### INTRODUCTION

1.     This is a single-plaintiff consumer case about an illegal nationwide, advanced-fee, student loan debt elimination telemarketing scam that leaves vulnerable debtors, like the Plaintiff, Zachary Hodges, thousands of dollars

poorer[1], in exchange for broken promises about impossible legal services that never are, and never could be, actually performed.

2.     The Defendants, through their web of business relationships, engage in illegal cold-call-telemarketing to solicit consumers, like Zachary Hodges, struggling with their private student loan debt to enroll in the Defendants' student loan debt elimination "program" – which turns out to be nothing more than the Defendants' Enterprise's illegal collection of up-front fees for the performance of little, if any, legitimate legal/debt elimination services.

3.     In brief, the "student loan debt resolution" racket at issue in this lawsuit works as follows: Resolvly, LLC, a shell limited liability company controlled and owned by Gregory Fishman and Julie Queler, purchases, repackages and launders sales-leads from non-Florida Bar approved lawyer referral companies located in California[2], of consumers, like Zachary Hodges, who have large private student loan balances. The Defendants particularly focus their marketing efforts on consumers who are struggling with making timely payments on their private student loan accounts.

---

[1] These losses are in addition to Zachary Hodges' consequential damages suffered as a result of the Defendants' student loan debt elimination "program", caused by the "program" requiring that all direct payments, and direct communication, to Zachary Hodges' student loan creditors cease. The non-payment to, and non-communication with, Zachary Hodges' student loan creditors has caused Zachary Hodges' non-dischargeable student loan balances to explode, with the Defendants' motive being to ensure that their monthly payments from Zachary Hodges' bank account continue to be made.

[2] Like Crown Media Co., LLC; and ProvenDirection, Inc.

4.    Resolvly, then, cold-calls the consumers, like Zachary Hodges, or it has its agents, like Crown Media Co., cold-call its sales-leads to enroll these consumers in what the sales agents market as the "law firm's" student loan debt elimination "program". The sales staff[3] of this racket, employees of Resolvly and National Legal Staffing Support, LLC ("NLSS"), or their out of state agents, like Crown Media Co., represent to the recipients of these cold-calls, like Zachary Hodges, that they work for "the law firm", that being the law firm of attorneys, Kevin Mason and Chantel Grant, GM Law Firm, LLC[4], and that they offer a debt elimination program that will eliminate all the consumer's private student loan debt for payment of fifty cents on the dollar[5] of the principal balance of the consumer's total student loan balance.

5.    Resolvly and NLSS', or their agents', marketing pitch to Zachary Hodges was as follows: that after completing the "law firm's" "debt elimination program", and after paying of half of the amount of his total enrolled student loan

---

[3] Upon information and belief, the NLSS sales staff is directly supervised by Gregory Fishman and Joseph DeVito, the head NLSS salesman and "fixer" for NLSS and GM Law Firm.

[4] Initially, the attorney marketing fronts for the Defendants' "program" were Stuart Goldberg (from March 2015 until October 2015), followed by Kevin Mason (beginning in 2015), and then Kevin Mason and Chantel Grant of GM Law Firm (beginning in 2016).

[5] The Defendants' marketing agents do not make clear to whom, precisely, these payments ultimately flow. Like all aspects of the Defendants' "program", these details are never provided to the Defendants' clients, like Zachary Hodges, even when the clients repeatedly press the Defendants' agents for these answers. The sales staff identifies themselves as working for "the law firm", but the truth is that they are marketed for an Enterprise controlled, managed, and owned by Gregory Fishman and Julie Queler, to whom an overwhelming bulk of the client payments flow.

balance(s) – the program fee being paid over 72 equal monthly payments (later changed to 69 monthly payments) drawn from his bank account by automated clearing house – that Zachary Hodges' entire private student loan balance would be completely eliminated.

6.      These representations, relied upon by Zachary Hodges, were lies. The Defendants' "debt elimination program" did not eliminate any of the private student loans that Zachary Hodges "enrolled" into their program. Instead of eliminating Zachary Hodges' enrolled student loan debts, the Defendants' program, via NLSS and GM Law Firm, merely sends cease and deist letters to their clients' creditors, they dispute the reporting of these debts with the major credit bureaus without any basis for said disputes (which ultimately fail, because there is no basis for the disputes), and then they sit back and hope that their clients' creditors to not file collection lawsuits when the loans inevitably go into default.

7.      The attorney marketing fronts for this racket, Florida attorneys, Kevin Mason and Chantel Grant[6], and their associates at GM Law Firm, provide the cover of legitimacy for the illegal "debt elimination" program that the Defendants,

---

[6] Prior to Kevin Mason and Chantel Grant, Florida attorney, Stuart Goldberg, was the attorney marketing front for Defendants' "program". However, upon information and belief, Stuart Goldberg discovered that the Defendants' operation was a scam early into his involvement with it. Stuart Goldberg, then, ended his relationship with this "program", but the managers of the Enterprise at issue in this lawsuit – namely, Gregory Fishman, Julie Queler, Resolvly, JG Factor, and NLSS – continued to use Stuart Goldberg's name on the "program materials" for this racket. This practice continued until Kevin Mason and Chantel Grant later became the new attorney marketing fronts for the Enterprise's "program" that at issue in this lawsuit.

collectively and in concert, operate. The use of attorney marketing fronts, like Kevin Mason and Chantel Grant, and their law firm, GM Law Firm, LLC[7], to provide an air of legitimacy to this "debt elimination program" is essential to the racket's success in enrolling new clients (victims), like Zachary Hodges.

8.      Further, the "program" at issue in this action is not driven by the attorneys of "the law firm", whether they be Chantel Grant, Kevin Mason, or Stuart Goldberg. The Enterprise is effectively owned, managed, and controlled by Gregory Fishman and Julie Queler, who plug, and unplug, the attorney marketing-fronts into this "program" and fire them from the "program" at their discretion, through the business entities, Resolvly, NLSS,

9.      Gregory Fishman terminated the first attorney marketing-front, Stuart Goldberg, as the "program attorney" in October 2015; he then plugged in Kevin Mason and Kevin Mason, P.A., into that role in October 2015; later, Gregory Fishman plugged Chantel Grant into what is now known as GM Law Firm to fill the "'program attorney" role. Chantel Grant remains the "program attorney" for Defendants' "student loan debt elimination program".

10.      Gregory Fishman terminated Stuart Goldberg as the "program attorney", via termination agreements between Stuart Goldberg and Resolvly,

---

[7] Kevin Mason and Chantel Grant formed GM Law Firm, LLC, with the Florida Secretary of State as a conversion of the prior busines entity, Kevin Mason, P.A., on August 2, 2016. The Defendants formed Kevin Mason, P.A., on January 5, 2015.

NLSS, and JG Factor in October 2015. Gregory Fishman and Julie Queler

preferred Kevin Mason over Stuart Goldberg as the "program attorney" because,

unlike Stuart Goldberg, Kevin Mason allowed NLSS and Resolvly employees to

robo-sign his name on documents and he permitted the Resolvly sales staff to be

more aggressive in making promises of debt elimination to enroll more clients.

Stuart Goldberg objected to these practices was terminated as the "program

attorney" by Gregory Fishman in response.

11.    Once the consumer is "enrolled" into the "program" – through

Resolvly and NLSS sales agents obtaining the consumers e-signature on the

program's legal services and automated clearinghouse forms – the entire balance of

the consumer's program payments is sold off, or factored, as an account receivable

to a company named JG Factor, LLC. All consumer accounts, including Zachary

Hodges', are sold for only 10-15 cents on the dollar from the program law firm to

JG Factor in an exclusive arrangement. JG Factor is owned by Julie Queler and

Gregory Fishman – they are the "JG" in JG Factor. The program law firms must

enter into this exclusive factoring agreement with JG Factor in order to receive

clients from Resolvly and NLSS. 85%-90% of the so-called "legal fees"[8] flows to

---

[8] These are not legal fees because the payments first flow to NLSS, who pays Resolvly its
referral fee off of the top, followed by NLSS paying itself for its "outsourcing services",
followed by paying JG Factor, with any remainder ultimately being paid to the program law firm
by NLSS. There are no direct payments between the consumer, the client, and the law firm under
this "program".

Julie Queler and Gregory Fishman via JG Factor. Additionally, a separate $1,250 referral fee is paid, off of the top, to Resolvly (which then flows to Gregory Fishman and Julie Queler). Separately, and additionally yet, the program law firm must agree to permit NLSS to pay itself outsourcing fees for its staff, from $45-$65 per hour, off of the top of the payments that NLSS receives under the mandatory outsourcing agreement that the program law firm must agree to be bound by as a part of this overall Enterprise. The majority of the NLSS fees ultimately flow to Gregory Fishman and Julie Queler, as well.

12.     Throughout the relevant period (at least since 2015[9]), the Defendants have engaged individually, and in concert with one another, in unlawful, abusive, and unfair practices with respect to the attorney-client relationships formed with the Plaintiff, Zachary Hodges, and the program attorneys, program law firms, and their agents, like NLSS

13.     Zachary Hodges pleads the following claims against the following Defendants: (a) claims for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) as to all Defendants; (b) fraud as to Defendants, Resolvly, LLC, National Legal Staffing Support, LLC, Gregory Fishman, and Julie Queler (c) claims for attorney malpractice against GM Law

---

[9] Upon information and belief, Chantel Grant's involvement with this Enterprise did not begin until 2016.

Firm, LLC, Chantel Grant, and Kevin Mason; and (d) breaches of the duty of good faith and fair dealing against Kevin Mason, Chantel Grant, and GM Law Firm, LLC, only.

## PARTIES

14.    The Plaintiff, Zachary Hodges, is an adult citizen of the state of Georgia who resides within the Atlanta Division of the United States District Court for the Northern District of Georgia.

15.    First-named Defendant, GM[10] Law Firm, LLC, is a Florida limited liability company that has its agents, Resolvly and NLSS, enroll consumers into its, and NLSS', "debt elimination program" through nationwide telemarketing sales calls. This law firm is owned and operated by Florida attorneys, Chantel L. Grant - although its activities are effectively controlled by Gregory Fishman and Julie Queler. Chantel L. Grant, is the registered agent of GM Law Firm, LLC. Its principal place of business is: 1515 South Federal Highway, Suite 105, Boca Raton, Florida 33432. GM Law Firm, LLC, was formed as a name and entity conversion from the prior entity, Kevin Mason, P.A., which was the program law firm immediately prior to GM Law Firm.

16.    Second-named Defendant, Chantel L. Grant, is a Florida resident and member of the Florida Bar. Chantel Grant is not licensed to practice law in the

---

[10] The "GM" in GM Law Firm stands for Grant and Mason.

state of Georgia. Chantel Grant worked directly for NLSS as a "consultant" before she formed GM Law Firm with Kevin Mason in August 2016. Prior to working for NLSS, Chantel Grant worked for an outfit called Paralegal Staffing Support, with was involved with Gregory Fishman, Debt Be Gone, LLC, and Otto Berges on a similar advanced-fee debt relief scam for credit card and consumer debts. Chantel Grant has been Zachary Hodges' program attorney since August 2016 until Zachary Hodges discovered his injuries and left the "program" in February 2020.

17.    Third-named Defendant, National Legal Staffing Support, LLC, is a Delaware limited liability company, with its principal place of business located in the same building as the offices of the other Defendants in this action, at: 1515 South Federal Highway, Suite 113, Boca Raton, Florida 33432. NLSS, and its agents, John and Jane Doe Defendants 1-5, acted as agents and as co-conspirators and co-tortfeasors, acting in concerted action with the other Defendants, forming a RICO Enterprise, and creating the basis for joint and several liability on the part of all Defendants in this litigation. NLSS works with Resolvly to enroll consumers, like Zachary Hodges, into the Defendants' student loan debt elimination "program" on the sales side of this Enterprise, and then NLSS services the client accounts, on behalf of its principal, GM Law Firm, as a part of the mandatory outsourcing agreement between the program law firm and NLSS. Further, NLSS receives all client payments from the Enterprise's payment process, Reliant Account

Management, and then pays the respective parties to the Enterprise – Resolvly ($1,250 referral fee), JG Factor (assignment of client's account receivable interest at 85-90 cents on the dollar), NLSS (outsourcing fees at $45-$65 per hour billed), and GM Law Firm (whatever is left, if anything) – their respective cuts of these client fees.

18.    Fourth-named Defendant, Gregory Fishman is a Florida citizen. Gregory Fishman, upon information and belief, is the leader of the RICO Enterprise described in this Amended Complaint. Gregory Fishman is a veteran of up-front-fee debt relief scams, going back, in particular, to a similar "credit card debt elimination program" – Debt Be Gone, LLC/Berges Law Group.

19.    Fifth-named Defendant, Julie Queler, is a Florida citizen. Julie Queler, upon information and belief, is a primary investor, and business partner, to Gregory Fishman in this RICO Enterprise. Julie Queler is involved in the day-to-day management of this Enterprise. Julie Queler is the 52% owner of NLSS. Julie Queler is the 50% owner of Resolvly. And Julie Queler is the 50% owner of JG Factor.

20.    Sixth-named Defendant, Kevin P. Mason, is a Florida attorney and a founding member of GM Law Firm. Kevin Mason is not licensed to practice law in the state of Georgia. Kevin Mason was the second attorney marketing front for the

Defendants' student loan debt elimination "program". Kevin Mason became

Zachary Hodges' program attorney on August 11, 2016.

21.     Seventh-named Defendant, Resolvly, LLC ("Resolvly"), is a Florida

limited liability company, with its principal place of business located in the same

building as NLSS, GM Law Firm, and the former Kevin Mason, P.A., at: 1515

South Federal Highway, Boca Raton, Florida 33432. Resolvly, and its agents, John

and Jane Doe Defendants 1-5, act as agents and as a co-conspirators and co-

tortfeasors, acting in concerted action with the other Defendants, forming a RICO

Enterprise, and creating the basis for joint and several liability on the part of all

Defendants in this litigation. Resolvly effectively launders out-of-state obtained

client leads, like Zachary Hodges – these being client leads that Resolvly purchases

from non-Florida Bar registered and approved lawyer referral services, like Crown

Media Co., LLC, but then repackages and resells to the student loan debt

elimination Enterprise at issue in this dispute, with Resolvly earning a $1,250

"referral fee" paid first, before JG Factor, NLSS, or GM Law Firm receive any cut

of the client's fees. Resolvly has its out-of-state agents, like Crown Media, initiate

the telemarketing calls to the sales leads, like Zachary Hodges. Crown Media then

transfers the sales leads that seem like good sales prospects, like Zachary Hodges,

to the call center of Resolvly, whose employees, along with NLSS employees and

"closers", John Sabia and Joe Devito, close the "enrollment" of these sales leads as new clients of the "law firm's"[11] debt elimination "program".

22.     Eight-named Defendant, JG Factor, LLC, is a Florida limited liability company owned by Julie Queler and Gregory Fishman with its principal place of business as the same office suite as NLSS (1515 S. Federal Highway, Suite 113, Boca Raton, FL 33432). JG Factor's registered agent is URS Agents, LLC, 3458 Lakeshore Drive, Tallahassee, FL 32312. Gregory Fishman and Julie Queler use JG Factor as the vehicle to obtain 85%-90% of the total client "attorney fees" payments received by the Enterprise, through the mandatory factoring agreements that the program law firms must execute in order to be the program law firms.

23.     John and Jane Doe Defendants 1-5 (and/or XYZ Business Entity Defendants 1-5) are presently unidentified persons or companies who have participated with Defendants in this "student loan debt resolution" scheme, but whose identities are reasonably expected to be revealed during discovery in this litigation.

## JURISDICTION AND VENUE

24.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 6101-6108. Further, this Court also

---

[11] All salespeople, legal assistants, paralegals, and other staff acting on behalf of this Enterprise, whether with Resolvly, NLSS, Crown Media, or other presently unidentified business entities always identify themselves as being "with the law firm" or "from the law firm".

has subject matter jurisdiction over this dispute based upon the complete diversity of citizenship of the Plaintiff (Georgia citizen) and all the Defendants (Florida citizens and business entities).

25.     This Court possesses specific personal jurisdiction over the Defendant in this action based upon their substantial and purposeful contacts with Georgia, the forum state. The Defendants have reached into Georgia, and availed themselves to the jurisdiction of this Court, by soliciting, and continuing regular communications and correspondence with, Zachary Hodges.

26.     Venue for this dispute properly lies with this Court, as this litigation involves substantial alleged acts or omissions which occurred in the boundaries of the United States District Court for the Northern District of Georgia, Atlanta Division.

## FACTS

27.     On or about early August 2016, Zachary Hodges received a telemarketing telephone call from an agent of "the law firm", Kevin Mason, P.A. (now dissolved), and attorney, Kevin Mason.

28.     Resolvly and NLSS, or an agent acting on their behalf, initiated this early August 2016 telemarketing sales call to Zachary Hodges.

29.     During this call, the telemarketing sales agent of Resolvly and NLSS, or one of their agents, whose identity is currently unknown, described the

represented-terms of the purported "student loan debt elimination program" that is

at issue in this lawsuit to Zachary Hodges. Zachary Hodges relied on the oral

representations from the Resolvly/NLSS sales agent to enter into the written legal

services agreement with then program law firm, Kevin Mason, P.A., who then

changed its name to GM Law Firm – in early August 2016.

30.    Later, after being induced to join the "law firm's" student loan

elimination "program", via Resolvly and NLSS' material misrepresentations (as

directed by Gregory Fishman and Julie Queler, the owners of these business

entities), Zachary Hodges was transferred to NLSS/Resolvly's sales manager, Joe

Devito, who closed Zachary Hodges' enrollment into the Defendants' student loan

debt elimination "program" over the telephone on, or about, August 11, 2016.

31.    The terms of the (then) "Kevin Mason Settlement Program" that were

represented to Zachary Hodges, orally, during the telemarketing telephone calls

that NLSS and Resolvly made to him in August 2016, and that induced him to join

this purported "program", are contained in both the "Program Overview" materials

and the "Welcome to the Program" materials, which are incorporated, by

reference, into this Amended Complaint.

32.    A copy of the "Program Overview" marketing materials – which also

function as a telemarketing sales script  for this Enterprise – provided by Resolvly

and NLSS (under the direction of Gregory Fishman and Julie Queler) to Zachary

Hodges (by reading them, orally, during the telemarketing sales pitches in August 2016) is attached to, and incorporated into, this Amended Complaint as Exhibit "1".

33.    Zachary Hodges distinctly recalls the Resolvly and NLSS sales agents, on the early August 2016 cold-call sales calls to him, making the exact promises of complete elimination of his entire private student loan debt in exchange for him paying 50% of his total loan balance, paid over 72 monthly-installments, to "the law firm". Illustrative examples of these promises are contained in Ex. 1 to this Amended Complaint. Zachary Hodges, by joining the Defendants' "program" and making his "program" payments, relied on these false promises of Resolvly and NLSS (as directed by Gregory Fishman and Julie Queler), and their sales agents.

34.    Page 18 of this "Program Overview", Ex. 1, contains irrefutable examples of the fraudulent misrepresentations made during telemarketing calls to prospective clients, like Zachary Hodges, of this racket in order to induce them to agree to the monthly, illegal, advanced-fee, "debt resolution" payments. Page 18 of the standard Kevin Mason/NLSS Welcome Packet states:

> "The costs of the service are a fixed flat fee that your attorney has allowed
>
> you to make monthly installment payments. In order to do this, your attorney
>
> utilizes a payment processing company called National Legal Staffing

Support. This is the name that will show up on your monthly bank statement. This fee is all that you will have to pay.

**Nothing more, nothing less.**

You can expect to be debt free with 39 to 48 months from your first payment. **It could be less, but not longer.** The reason being is that the litigation process may take shorter because in many cases the banks and their debt collectors settle within the first 12 months of the lawsuit. This is a good thing." See Ex. 1, at Page (Slide) 18 (emphasis added).

35.     Although they likely regret it now, Resolvly and NLSS put their telemarketing sales script, represented to and relied upon by Zachary Hodges, in writing when they created their "Program Overview", Ex. 1.

36.     Zachary Hodges does not have the telephone calls recorded, but the exact terms of the specific promises contained on Page 18 of Ex. 1 were made by the Resolvly and NLSS salespersons on all telemarketing calls to him. These marketing calls induced Zachary Hodges to sign up for "the law firm's" "student loan debt elimination program", because it seemed like a no-brainer to enroll in a program that had the legitimacy of attorney involvement and oversight that **guaranteed** to have Zachary Hodges' entire student loan balance ($44,314.00 at the time of enrollment) for only 50 cents on the dollar.

37.     Moreover, Zachary Hodges was told, during the telemarketing sales calls on the front-end in August 2016, consistent with Page 18 of Ex. 1, that NLSS was the "payment processor" for the "attorneys" who supervise, operate, and manage the "student loan debt resolution program" at issue in this action.

38.     The truth, it turns out, is that Reliant Account Management, a California-based company, is the payment processor for this so-called "program"; NLSS actually functions as the "law firm", staying in contact with the clients (although feeding the clients lies, in order to keep the monthly payments from its client, like Zachary Hodges, coming for as long as possible); and the "attorneys", Kevin Mason and Chantel Grant, are phantoms, insofar as they do not directly communicate with their clients, outside of rare occasions (like when litigation gets threatened, and only after jumping through many hoops to get such a call scheduled).

39.     It should be no surprise that clients, like Zachary Hodges, rarely, if ever, get the opportunity to speak to their program attorney. The Enterprise has thousands of clients, spread all across the United States (likely in all 50 states), with only the attorney marketing front, e.g., Chantel Grant, to act as the attorney for these thousands of "program" clients.

40.     Further, the overwhelming bulk of the so-called "attorney's fees" do not go to the program attorney or his or her law firm. 85%-90% of the client fees

flow to non-attorneys, Gregory Fishman and Julie Queler, through JG Factor. An additional $1,250 per client-enrolled flows to Gregory Fishman and Julie Queler through Resolvly, as a referral fee. And then the profits from the mandatory outsourcing of client-servicing to NLSS nets Gregory Fishman and Julie Queler the profits of NLSS' $45-$65 per hour fees. The program law firm retains the pittance of fees that are left, if any, after Gregory Fishman's and Julie Queler's companies, NLSS, Resolvly, and JG Factor, devour their massive fees.

41.   Interestingly, attorneys, Chantel Grant and Kevin Mason, refuse to answer Zachary Hodges's questions about their "student loan debt resolution program" in writing. This is to avoid written descriptions of their "program" that would provide evidence of their wrongful acts.

42.   Further, the Kevin Mason "Welcome to the Program" materials/sales script, orally represented to Zachary Hodges by the Resolvly and NLSS sales staff, is attached to this Amended Complaint as Exhibit "2".

43.   According to the "Welcome to the Program" materials/script: "The Law Office Of Kevin P. Mason P.A. IS A BOUTIQUE MULTI-JURISDICTIONAL LAW FIRM BASED IN SOUTH FLORIDA. OUR PRACTICE IS FOCUSED ON CONSUMER RIGHTS IN STATE AND FEDERAL COURT, AS WELL AS IN ARBITRATION MATTERS. OUR PRACTICE ENCOMPASSES DEFENDING OUR CLIENTS' RIGHTS

AGAINST ABUSIVE AND ILLEGAL PRACTICES BY DEBT COLLECTORS, CREDITORS, AND CREDIT REPORTING AGENCIES. THE STAFF AT The Law Office Of Kevin P. Mason P.A. HAS MANY YEARS OF EXPERIENCE REPRESENTING PEOPLE LIKE YOU, THE AMERICAN CONSUMER, WHO IS FACING A VARIETY OF LEGAL ISSUES. OUR NETWORK OF ATTORNEYS AND PROFESSIONAL STAFF WILL PROVIDE EXPERT GUIDANCE AND REPRESENTATION. WE HAVE DEDICATED OUR CAREERS TO STANDING UP FOR YOUR RIGHTS. WE WILL ENSURE THAT THE BEST POSSIBLE OUTCOME IN YOUR LEGAL MATTER IS ACHIEVED." Ex. 2, "Welcome to the Program" materials/script, at Page 3.

44.     Yet, perplexingly, and despite the "Welcome to the Program" materials, Ex. 2, claiming to be from "your attorney", Kevin Mason, and "your law firm", Kevin Mason, P.A. (now replaced by the entity, GM Law Firm), the final page (Page 20) of Ex. 2 contains the following contact information for the "program":

**ADDITIONAL QUESTIONS?**
CONTACT US.



PHONE: 1-877-212-6920          FAX:    866-219-7237

45.     A copy of Zachary Hodges' August 11, 2016, engagement letter with Defendant, Kevin Mason, and his now dissolved law firm – the precursor to GM Law Firm, prior to the name change – is attached to, and incorporated into, this Amended Complaint as Exhibit "3".

46.     On or about March 23, 2017, the Defendants' Enterprise (via agents of National Legal Staff Support") sent Zachary Hodges a "Financial Debt Change Form" that changed the number (but not the amount to be paid) of monthly payments from 72 to 69 total payments. Perplexingly[12], this "Financial Debt Change Form" listed GM Law Firm, LLC, as Zachary Hodges' law firm in connection with the Defendants' "program".

47.     The GM Law Firm "Financial Debt Change Form" is attached to, and incorporated into, this Amended Complaint as Exhibit "4".

48.     NLSS, via advanced-fee payments processed by Reliant Account Management (RAM), drafted $8,499.40 from Zachary Hodge's bank account, without providing him any debt resolution, or legal services, of any value, whatsoever. As a matter of fact, the Defendants' "program" has caused Zachary Hodges to go into default on his student loans, with large fees and interest being added to his student loan balance.

---

[12] It is not currently known when, and why, the attorney marketing front(s) for this Enterprise changed from Kevin Mason and Kevin Mason, P.A., to Chantel Grant and Kevin Mason and GM Law Firm in late 2016.

49.     The Defendants, collectively, are masters at building trust in the client of this "program"; trust that is abused to steal the illegal, advanced-fee, monthly "program" payments from their client. For instance, one of the NLSS' methods at building, and maintaining, the trust of their client on behalf of this collective Enterprise was bi-weekly telephone calls with "paralegals" and "legal assistant" from "the law firm", where these NLSS employees, acting on behalf of the collective Enterprise, would string along clients, like Zachary Hodges, with puffery such as: "everything is going great on your account"; "these things take time: it's a lot of hurry up and wait"; "and this is just how the process works." Merly Grigou is the main, but not the only, "program paralegal" who handled the bi-weekly "program" check-up calls to Zachary Hodges as a direct employee of NLSS, but acting on behalf of the Defendants' collective Enterprise.

50.     Further, the Defendants even created a client newsletter, the GM Law Firm Newsletter, that they sent to the "program's" clients, including Zachary Hodges, in April 2018, to continue to maintain their trust (and keep the monthly ACH payments flowing to the Defendants). A copy of this April 2018 Program Newsletter is attached to, and incorporated into, this Amended Complaint as Exhibit "5". It is unfortunate, however, that GM Law Firm focused more on providing recipes and movie reviews in its newsletter than it did actually fulfilling its sales agents' promises to clients of totally elimination of their student loan debt.

51.     Zachary Hodges grew suspicious of the Defendants' program in April 2019, after he could not get answers to his satisfaction about the purported progress being made on the resolution of his student loan balance.

52.     Zachary Hodges cancelled his enrollment in the Defendants' program in April of 2019.

53.     Further, this financial loss has caused Zachary Hodges a cascade of consequential financial, hedonic, and psychological harm to be described to the jury at trial.

## TOLLING OF THE APPLICABLE STATUTES OF LIMITATIONS

54.     Zachary Hodges had no way of knowing the true nature and extent of Defendants' illegal advanced-fee "student loan debt resolution" telemarketing scheme necessary to prosecute his claims until April 2019. As demonstrated in this Complaint, the Defendants were intent on hiding their behavior from Zachary Hodges to keep his monthly payments to them flowing.

55.     Defendants were under a continuous duty to disclose to Zachary Hodges the true character, quality, and nature of the legal representation, and other "student loan debt resolution" services, that they were providing.

56.     Defendants knowingly and actively concealed their illegal advanced-fee "student loan debt resolution" telemarketing scheme, and Zachary Hodges reasonably relied upon Defendants' knowing and active concealment. Zachary

Hodges had no way of knowing the true character, quality, and nature of the legal representation for which he had been charged.

57.     Accordingly, the applicable statutes of limitations have been tolled by operation of the discovery rule and Defendants' concealment with respect to all claims pleaded in this Complaint. Due to this, Defendants are estopped from relying on any statutes of limitations in defense of this action. Further, Defendants' conduct, as directed by Gregory Fishman, Julie Queler, Kevin Mason, and Chantel Grant, was part of a continuing, systematic practice, with the last act in this ongoing illegal, advanced-fee "student loan debt resolution" telemarketing scheme taking place within the applicable statute of limitations. As such, the Defendants are liable for all acts undertaken as part of the scheme as continuing violations.

58.     Additionally, Zachary Hodges, prior to being severed by Order of the Honorable Josephine Staton, District Court Judge, was a named-Plaintiff in the matter of *Grijalva, et al. v. Kevin Mason, P.A., et al.* (Cause No. 8:18-cv-2010-JLS-DFM, United States District Court for the Central District of California). The applicable statutes of limitations for Zachary Hodges claims in this action, therefore, are tolled for the time period of his being a named-Plaintiff in the *Grijalva* action.

## COUNT ONE – VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1962(C), AGAINST ALL DEFENDANTS

59.     Zachary Hodges hereby incorporates, by reference, the preceding paragraphs of this Amended Complaint.

60.     Zachary Hodges is a "person" as that term is defined in 18 U.S.C. §§ 1961(3) and 1962(c).

### A.     Enterprise

61.     For purposes of this claim, the RICO "enterprise" is an association-in-fact, as the term is defined in 18 U.S.C. §§ 1961(4) and 1962(c), consisting of GM Law Firm, LLC; Kevin P. Mason, individually; Chantel L. Grant, individually; National Legal Staffing Support, LLC; Resolvly, LLC; Gregory Fishman, individually; Julie Queler, individually; JG Factor, LLC; and John and Jane Doe Defendants 1-5, and XYZ Business Entities ("the Enterprise"). The Enterprise is separate and distinct from the persons and businesses that constitute the Enterprise.

62.     The Enterprise was primarily managed by Gregory Fishman, Julie Queler, Kevin Mason, and Chantel Grant. Gregory Fishman is the "kingpin" of the managers.

63.     The companies and individuals that constitute the Enterprise were associated for the common purpose of defrauding their clients by charging them for illegal, advanced-fee "student loan debt elimination" legal services, via a

nationwide cold-call telemarketing operation[13], and otherwise defrauding clients out of their monthly fees based upon promises of complete student loan debt elimination through their "program".

64.    At all relevant times, the Enterprise was engaged in, and its activities affected, interstate commerce. The proceeds of the Enterprise were distributed to its participants.

65.    The Enterprise has operated from at least January 2015 and its operation is ongoing. The Enterprise has an ascertainable structure separate and apart from the pattern of racketeering activity in which the participants engage.

**The Pattern of Racketeering Activity**

66.    At all relevant times, in violation of 18 U.S.C. § 1962(c), Gregory Fishman, Julie Queler, Kevin Mason, and Chantel Grant have managed the affairs of the Enterprise through a pattern of racketeering activity as defined in RICO, 18 U.S.C. § 1961(5), as described in this Amended Complaint. Gregory Fishman, Kevin Mason, and Chantel Grant have conducted the affairs of the Enterprise and participated in the operation and management of the Enterprise. Gregory Fishman and Julie Queler participate in this pattern of racketeering activity through the business entities, JG Factor, National Legal Staffing Support and Resolvly (and,

---

[13] With sales leads of vulnerable student loan debtors, like Zachary Hodges, supplied to the Enterprise by Resolvly, who has purchased and repackaged sales leads that it has purchased from other (non-Florida Bar approved lawyer referral organizations) sources, such as Crown Media Co.

quite likely, other presently unknown business entities controlled by Gregory Fishman and Julie Queler).

**The Predicate Acts of Mail and Wire Fraud**

67.     The pattern of racketeering activity consisted of mail and/or wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. Specifically, Kevin Mason, Chantel Grant, Gregory Fishman, NLSS, Resolvly, GM Law Firm, and JG Factor engaged in an intentional scheme or artifice to defraud their clients into setting up monthly auto-draft payments under the false, or negligent, premise that the Defendants would completely eliminate their clients' private student loan balances with their respective creditors for payment of 50% of their total loan balance, paid over several years of monthly payments to what turns out to be NLSS.

68.     Of course, the Enterprise's impossible promises of total student loan debt elimination never happen. The Defendants simply pocket these "plan payments", along the respective fee-cuts described in this Amended Complaint, and otherwise convert them for their own, personal gain. Not one cent of this money flows to the consumers' student loan creditors. The Defendants never settle any of the consumers' student loan accounts or eliminate their student loan debt as a part of their "program".

69.     The false statements and omissions, and mail and/or wire communications that were made by Resolvly and NLSS, on behalf of the collective

Enterprise, and in furtherance of the scheme, constitute predicate acts of mail and/or wire fraud.

70.     It was reasonably foreseeable to all Defendants that the mails and/or wires would be used in furtherance of the scheme, and the mails and/or wires were in fact used to further and execute the scheme.

71.     The nature and pervasiveness of the Enterprise necessarily entailed frequent wire and/or mail transmissions. The precise dates of such transmissions cannot be alleged without access to the books and records of the Defendants. Nevertheless, Zachry Hodges can allege such transmissions at to himself, personally. The client emails, and bi-weekly client calls between NLSS/GM Law Firm and the victims of this racket, including Zachary Hodges, were all aimed at keeping the monthly payments to the Defendants flowing.

72.     For the purpose of furthering and executing the scheme, NLSS, Resolvly, and GM Law Firm, on behalf of all Defendants, regularly transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, electronic data and funds, and also regularly caused matters and things to be placed in post offices or authorized depositories, or deposited or caused to be deposited matters or things to be sent or delivered by private or commercial interstate carriers.

73.     These communications contained both affirmative misrepresentations about the nature of the "program" charges, and were also intended to deceive Zachary Hodges, and many others, into believing that the monthly "program" charges assessed to their bank accounts was legitimate and would result in the complete satisfaction of their student loan debts.

74.     These are only examples of certain instances of the pattern of racketeering activity consisting of mail and/or wire fraud violations engaged in by the Defendants. Each electronic and/or postal transmission was incident to an essential part of the scheme. As detailed above, the Defendants engaged in similar activities with respect to Zachary Hodges, and likely thousands of other victims, nationwide.

75.     Each interstate wire transfer of funds from Zachary Hodges to RAM, and then from RAM to NLSS (and then the further downstream transfers, from there, to the other participants in this Enterprise, Resolvly, JG Factor, NLSS (paying itself), and finally, to GM Law Firm), was incident to an essential part of the scheme. As detailed above, the Defendants, collectively, engaged in similar activities with respect to Zachary Hodges and thousands more, nationally.

76.     Additionally, each such electronic and/or postal transmission constituted a predicate act of wire and/or mail fraud in that each transmission

furthered and executed the scheme to defraud the Defendants' clients, including Zachary Hodges.

77.     The predicate acts of mail and wire fraud constitute a pattern of racketeering activity as defined in 18 U.S.C. § 1961(5). The predicate acts were not isolated events, but related acts aimed at the common purpose and goal of defrauding the Defendants' clients to pay unlawful, monthly, advanced-fees for cold-call telemarketed "student loan debt elimination" legal services (as a part of a "program" that also does not exist), solely in order for the Defendants to reap illicit profits.

78.     Additionally, all Defendants, collectively, directly engaged in a pattern of racketeering activity, as defined in 18 U.S.C. § 1961(5), by their repeated, flagrant, and continuing violations of 16 C.F.R. § 310.4(a)(5)(i)'s prohibition on the collection of payment of advanced-fees for telemarketed "debt relief services" prior to the underlying consumer debts having either been settled or renegotiated. These advanced payments for telemarketed "debt relief services" are flagrant violations of the Federal Trade Commission's Telemarketing Sales Rules, as promulgated.

79.     Even further, Defendants, collectively, all directly engaged in a pattern of racketeering activity, as defined in 18 U.S.C. § 1961(5), by their repeated, flagrant, and continuing violations of 16 C.F.R. § 310.3(a)(2)(x). This is

because the Telemarketing Sales Rules also prohibit sellers and telemarketers, like Resolvly and NLSS (acting on behalf of all Defendants and their Enterprise), from misrepresenting, directly or by implication, any material aspect of any debt relief service, including, but not limited to, the amount of money or the percentage of the debt amount that a customer may save by using the service.

80.     All Defendants have substantially participated in these predicate acts. These activities amounted to a common course of conduct, with similar pattern and purpose, intended to deceive borrowers.

**Injury to Zachary Hodges**

81.     As a direct and proximate result of violations of 18 U.S.C. § 1962(c) by Defendants, Zachary Hodges has been injured in her business or property within the meaning of 18 U.S.C. § 1964(c). Zachary Hodges paid and was charged for unlawful, monthly auto draft charges to his bank account by reason, and as a direct, proximate and foreseeable result, of the scheme alleged.

82.     Under the provisions of 18 U.S.C. § 1964(c), all Defendants are jointly and severally liable to Zachary Hodges for three times the damages sustained, plus the costs of bringing this suit, including reasonable attorneys' fees.

**COUNT TWO – FRAUD**
**AGAINST DEFENDANTS, RESOLVLY, LLC; NATIONAL LEGAL STAFFING SUPPORT, LLC; GREGORY FISHMAN; AND JULIE QUELER**

83.     Zachary Hodges incorporates, by reference, the preceding paragraphs of this Amended Complaint.

84.     The intentional misrepresentations of material facts related to the Defendants' purported student loan debt elimination "program", made by Defendants, Resolvly and NLSS (as directed by Gregory Fishman and Julie Queler), and their agents working on their behalf, to Zachary Hodges constitute acts of fraud that have been committed against him.

85.     Defendants, Resolvly, NLSS, Gregory Fishman, and Julie Queler have committed, or actively participated in, knowing and intentional misrepresentations of the services provided by the student loan debt elimination "program" that is at issue in this lawsuit. These misrepresentations – that Zachary Hodges will be entirely debt free from his student loans for payment of 50% of his total student loan balance, in connection with the "program", over 72 months' (later changed to 69) of "program" payments – were material and they are knowingly false.

86.     As a result of his reasonable reliance on Resolvly and NLSS' (as directed by Gregory Fishman and Julie Queler), and their agents', fraudulent misrepresentations, detailed in this Amended Complaint, Zachary Hodges has suffered an ascertainable loss of money, property, and other consequential and hedonic damages.

87.     As a result of Resolvly and NLSS' (as directed by Gregory Fishman and Julie Queler), and their agents', fraudulent misrepresentations about their student loan debt elimination "program", Zachary Hodges is entitled to recover compensatory damages, all costs of litigation, along with punitive damages in an amount sufficient to deter such conduct in the future, and reasonable attorney's fees.

## COUNT THREE – LEGAL MALPRACTICE AGAINST DEFENDANTS, GM LAW FIRM, CHANTEL GRANT, AND KEVIN MASON

88.     Zachary Hodges incorporates, by reference, the facts pleaded in the preceding paragraphs of this Amended Complaint.

89.     Attorneys, Kevin Mason, Chantel Grant, and their law firm, GM Law Firm, have committed breaches of the professional tort-based duties that they owed to Zachary Hodges, as their client.

90.     As a result of his trust of Chantel Grant's, Kevin Mason's, and GM Law Firm's negligent omissions/negligent legal services – believing that these attorney and law firm Defendants would eliminate his student loan debts, as promised – Zachary Hodges has suffered an ascertainable loss of money, property, and other consequential and hedonic damages (including damage to his credit reports).

91.     Further, these attorney and law firm Defendants violated the

professional duties that they owed to Zachary Hodges when they charged him their

illegal, and unreasonable[14], advanced-fees for the telemarketed student loan debt

elimination program that their agents, Resolvly and NLSS, promised to Zachary

Hodges.

92.     Instead of eliminating Zachary Hodges' enrolled student loan debts, as

promised, Kevin Mason, Chantel Grant, and GM Law Firm, merely sent cease and

desist letters to Zachary Hodges' private student loan creditors and sent dispute

letters to the major credit bureaus without any basis for said disputes (which

ultimately failed, because there was no basis for these dispute letters in the first

place).

93.     Meanwhile, Kevin Mason, Chantel Grant, and GM Law Firm sat back

for years and simply hoped that Zachary Hodges' private student loan creditors did

not file collection lawsuits against Zachary Hodges for him defaulting on these

loans.

---

[14] Payment of $8,499.40 in so-called "legal fees" for only form cease and desist letters sent to
Zachary Hodges' student loan creditors (and the April 2018 issue of the Program Newsletter, Ex.
5 to this Amended Complaint). These cease and desist letters, in fact, only harmed Zachary
Hodges, since they concealed from him the severe delinquency on his student loans that resulted
from the Defendants' "program". The real purpose of these cease and desist letters is not to
benefit the Defendants' clients, like Zachary Hodges, but to conceal the student loan
delinquencies from the Defendants' clients in order to maximize the amount of monthly
payments the Defendants receive, before their clients (victims) inevitably discover that they have
been lied to, and defrauded, by the Defendants.

94.    These actions were grossly unreasonable and they violated the professional duty of care that Kevin Mason, Chantel Grant, and GM Law Firm owed to Zachary Hodges.

95.    Based upon this professional negligence cause of action against these attorney and law firm Defendants, Kevin Mason, Chantel Grant, and GM Law Firm, Zachary Hodges demands a judgment against these Defendants, jointly and severally, for: all actual damages suffered as a result of the negligence of these Defendants; all consequential damages suffered as a result of the negligence of these Defendants; a refund of all monies paid to these Defendants, with pre-and-post judgment interest; all attorney's fees; and all costs of litigation.

## COUNT FOUR – BREACHES OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANTS, KEVIN MASON; CHANTEL GRANT; AND GM LAW FIRM, LLC

96.    Zachary Hodges incorporates, by reference, the facts pleaded in the preceding paragraphs of this Amended Complaint.

97.    Defendants, Kevin Mason, Chantel Grant, and GM Law Firm, have violated the duty of good faith and fair dealing that is implicit in all contracts to be performed in whole, or in part, in the states of Georgia and Florida. Kevin Mason, Chantel Grant, and GM Law Firm have assumed the original legal services agreement that Resolvly and NLSS sold to Zachary Hodges in early August 2016. Further, Defendants, Kevin Mason, Chantel Grant, and GM Law Firm, have all

profited from their concerted frauds and legal malpractice perpetuated against

Zachary Hodges. These fraudulent and negligent acts also constitute violations of

the duty of good faith and fair dealing that Kevin Mason, Chantel Grant, and GM

Law Firm owed to Zachary Hodges.

98.    Moreover, the legal services agreement between Kevin Mason, then

Chantel Grant and GM Law Firm, and Zachary Hodges contains provisions that are

in bad faith and that are unfair dealing between attorneys and their client.

99.    Among these intentional and unfair terms, snuck into this legal

services agreement in bad faith, are requirements that the attorney, at his or her

sole discretion, will decide whether to pursue litigation against third-parties, with

no control given to the client over this decision, Zachary Hodges. See Ex. 3, Legal

Service Agreement, at Article 2(v), "Prosecution of Claims". Defendants, Kevin

Mason, Chantel Grant, and GM Law Firm have committed willful breaches of the

duty of good faith and fair dealing owed to Zachary Hodges when they unlawfully,

and dishonestly, aided in the Enterprise's solicitation and collection of advanced-

fees that are unreasonable and that violate the Federal Trade Commission's

Telemarketing Sales Rules.

100.   As a sole and proximate result of these breaches of the duty of good

faith and fair dealing on the part of Defendants, Kevin Mason, Chantel Grant, and

GM Law Firm, Zachary Hodges demands a judgment against these Defendants,

jointly and severally, for: all actual damages suffered as a result of Defendants'
wrongful and dishonest conduct; a refund of all client-monies charged by the
Defendants, with pre-and-post judgment interest; all attorney's fees; costs of
litigation; and punitive damages.

## PRAYER FOR RELIEF

101.    Zachary Hodges requests that this Court enter a judgment against
Defendants and in favor of him, and award the following relief:

a.      that the conduct described in this Complaint be declared, adjudged
and decreed to be unlawful;

b.      award Zachary Hodges appropriate relief, including actual damages,
statutory damages, treble damages, punitive damages, and restitutionary
disgorgement;

c.      award all costs of prosecuting the litigation, including expert fees;

d.      award pre-and-post-judgment interest;

e.      award attorneys' fees; and

f.      grant such additional relief as this Court may deem just and proper.

ZACHARY HODGES
*The Plaintiff*

/s/ Macy D. Hanson
MACY D. HANSON
*(*Admitted *Pro Hac Vice)*
**The Law Office of Macy D. Hanson,
PLLC**

102 First Choice Drive
Madison, Mississippi 39110
Telephone: (601) 853-9521
Facsimile: (601) 853-9327
macy@macyhanson.com

/s/ *Tyler P Scarbrough*
TYLER P. SCARBROUGH
Georgia Bar No. 401055
**HENNER & SCARBROUGH LLP**
3379 Peachtree Road, N.E.
Suite 555
Atlanta, Georgia 30326
Telephone: (404) 260-3206
Facsimile: (404) 260-3205
tscarbrough@henscarlaw.com

*ATTORNEYS FOR ZACHARY HODGES*

## RULE 7.1D CERTIFICATE

The undersigned hereby certified that the foregoing was prepared using 14-point Times New Roman font, in accordance with Local Rule 5.1B.

Dated this 7th day of December, 2020.

/s/ *Macy D. Hanson*
Macy D. Hanson
Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I am employed in the County of Madison, Mississippi; I am over the age of eighteen years and not a party to the within entitled action; my business address is 102 First Choice Drive, Madison, Mississippi 39110.

On December 7, 2020, I had filed via the ECF system, the foregoing document to be filed with the Clerk of the Court.  To the best of my knowledge, all counsel to be served in this action are registered CM/ECF users and will be served by the CM/ECF system when the Clerk of Court files this document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7, 2020, at Madison, Mississippi.


*/s/ Macy D. Hanson*

MACY D. HANSON
(Admitted *Pro Hac Vice)*