1
2
3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

4    Zachary Hodges

5
6             Plaintiff,

7                  v.

8    GM Law Firm, LLC; Chantel L.
9    Grant; National Legal Staffing
     Support, LLC; Gregory Fishman;
10   Julie Queler; Kevin Mason;
11   Resolvly, LLC; JG Factor, LLC; and
     John and Jane Does Defendants 1-5.
12

13            Defendants.

Civil Action No. 1:20-cv-03799-JPB

Plaintiff's Motion for Entry of Judgment
Enforcing the Funding of Settlement
Agreement as to Defendant, Julie
Queler, individually

14

15   **PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ENFORCING THE
16   FUNDING OF SETTLEMENT AGREEMENT AS TO DEFENDANT, JULIE
     QUELER, INDIVIDUALLY**

17

18        THE PLAINTFF, Zachary Hodges, files this Motion for Entry of Judgment

19   Enforcing the Funding of Settlement Agreement as to Defendant, Julie Queler,

20
21   individually, under the inherent power of this Court to enforce the terms of settlement

22   agreements in cases pending before it, and shows to the Court the following in

23   support of the relief requested in this Motion for Entry of Judgment:

24
25        1.     On the morning of December 29, 2020, Defendant, Julie Queler, in her

26   individual capacity, agreed to the previously negotiated terms for a global settlement

27                                    1
28

of three active federal lawsuits filed against her, her businesses, and her business partners (the co-Defendants in this, and the other two related, federal court actions). These three federal civil lawsuits, all making the same factual allegations about Ms. Queler's, and her business' and partners', (fraudulent and illegal) student loan "debt elimination" program consist of: (1) *Hodges v. GM Law Firm, LLC, et al.* (Northern District of Georgia, Civil Action No. 1:20-cv-03799-JPB); (2) *Grijalva v. Kevin Mason, et al.* (Central District of California; Civil Action No. 8:18-cv-02010-MCS (DFMx)); and (3) *Winkler v. GM Law Firm, LLC, et al.* (District of Arizona; Civil Action No. 3:20-cv-08248-DWL)**.**

2.     December 29, 2020, was the (rescheduled) deposition date for Julie Queler in the *Grijalva* action, an action was deep into discovery and that had been hotly litigated since 2018.

3.     Julie Queler, acting only in her individual capacity, emailed counsel for the Plaintiffs, Macy Hanson, in these three federal civil actions, cited above, on the morning of December 29, 2020, agreeing to the settlement terms that she, Julie Queler, and Macy Hanson negotiated in the days leading up to Julie Queler's (rescheduled) deposition date of December 29, 2020.

2

4.      Those settlement terms, negotiated between Julie Queler and counsel for

the three Plaintiffs involved, Zachary Hodges, Vivian Grijalva, and Brian Winkler,

respectively, are contained in following December 28, 2020, email to Julie Queler

that memorialized the settlement terms that Julie Queler and counsel for the three

Plaintiffs had previously negotiated:

Hi, Julie.

I am writing to confirm, in writing, the settlement agreements in the Grijalva, Winkler, and Hodges cases. My clients, Vivian Grijalva, Brian Winkler, and Zachary Hodges will release all claims against all Defendants (including NLSS, Resolvly, and JG Factor), with prejudice, in connection with these agreements. Further, I will cancel your deposition that is scheduled for tomorrow, since there will be no need for your deposition with these cases being settled.

You (Julie Queler, individually) will pay the following three sums in connection with these settlement agreements:

$55,000 to settle Vivian Grijalva.
$50,000 to settle Brian Winkler.
$25,000 to settle Zachary Hodges.

You also agree that we will finalize the release paperwork (to be drafted by your independent counsel) and that you will fund these settlements within 21 days.

Please confirm the terms of this email at your earliest opportunity, so that I can cancel the court report for tomorrow's deposition and let all opposing counsel know that your deposition will not be going forward - and that my clients will be dismissing their cases, with prejudice, against all Defendants.

Thank you.

Macy

5.    The following morning, on December 29, 2020, Julie Queler agreed to the above settlement terms (the only difference being 30 days to fund the settlements, instead of 21 days, which was an acceptable term to the Plaintiffs, as evidenced by their dismissing their actions, with prejudice, in reliance on these promises) in the Hodges, Grijalva, and Winkler actions, as a global settlement of all litigation pending against her, her companies, and her business partners. Julie Queler's December 29, 2020, reply-email, agreeing to the Hodges, Grijalva, and Winkler settlements, reads:

Macy

Good morning,

I was not able to send this to Quinn last night. **However, I am going forward and confirming this agreement in the fore aforementioned terms.**

**I ask for the settlement date for 30 days as opposed to 21 days due to holiday travels.**

Please confirm the cancellation of the deposition today.

Thank you

Julie

6.    This December 28-29, 2020, email exchange between Julie Queler and counsel for Plaintiffs, Hodges, Grijalva, and Winkler, is attached to, and incorporated into, this Motion as Exhibit "1".

7.      Julie Queler, however, did not fund any of these three settlement agreements by the 30-day deadline that she proposed. The reasons for this are still not clear to the Plaintiffs or their counsel.

8.      Next, in an attempt to work through, without Court involvement, Julie Queler's refusal to fund the three settlement that she had agreed to on December 29, 2020 – and for which Julie Queler received the benefit of complete dismissals of all claims, with prejudice, as to herself, her companies, and her business partners, in all three federal lawsuits involved in that global settlement – counsel for the Plaintiffs agreed to another extension of Julie Queler's deadline to fund these three settlements. This new "non-contingent, no matter what funding deadline" of February 26, 2021, has now passed, as well.

9.      The February 11, 2021, Confirmation of (3) Settlement Agreements and Confirmation of Non-Contingent, "No Matter What" Funding Deadline for These Settlements, executed between Julie Queler and Zachary Hodges, Vivian Grijalva, and Brian Winkler, through their counsel, is attached to, and incorporated into, this Motion as Exhibit "2".

10.      Based upon the clear and unambiguous settlement terms contained in Exhibits 1 and 2 to this Motion, as negotiated and agreed to by Julie Queler,

5

individually, and based upon the fact that Julie Queler induced, through these promises of payment, Brian  Winkler, Vivian Grijalva, and Zachary Hodges to each consent to the filing of Stipulations of Dismissal With Prejudice of their three federal civil actions filed against Julie Queler, respectively, this Court must enter a Judgment against Julie Queler, individually, to enforce the terms of the settlement agreement between Julie Queler and Zachary Hodges, the Plaintiff *sub judice*.

11.    Zachary Hodges humbly requests that this Court exercise its inherent power to enforce the terms of his settlement agreement with Julie Queler, individually, and enter a Judgment, in favor of Zachary Hodges, and against Julie Queler, individually, in the amount of $25,000, in addition to post-judgment interest at the legal rate, and all costs of collection, including all reasonable attorneys' fees, that become necessary for Zachary Hodges to collect upon this Judgment.

12.    The text of the proposed Order (and Judgment) granting this Motion is attached to, and incorporated into, this Motion as Exhibit "3".

This, the 2nd day of March, 2021.

ZACHARY HODGES
*The Plaintiff*

/s/ Macy D. Hanson
MACY D. HANSON
*(*Admitted *Pro Hac Vice)*

6

**The Law Office of Macy D. Hanson, PLLC**
102 First Choice Drive
Madison, Mississippi 39110
Telephone: (601) 853-9521
Facsimile: (601) 853-9327
macy@macyhanson.com

/s/ *Tyler P Scarbrough*
TYLER P. SCARBROUGH
Georgia Bar No. 401055
**HENNER & SCARBROUGH LLP**
3379 Peachtree Road, N.E.
Suite 555
Atlanta, Georgia 30326
Telephone: (404) 260-3206
Facsimile: (404) 260-3205
tscarbrough@henscarlaw.com

*ATTORNEYS FOR ZACHARY HODGES*

## RULE 7.1D CERTIFICATE

The undersigned hereby certified that the foregoing was prepared using 14-point Times New Roman font, in accordance with Local Rule 5.1B.

Dated this 2nd day of March, 2021.

/s/ *Macy D. Hanson*
Macy D. Hanson
Admitted *pro hac vice*

7

# **CERTIFICATE OF SERVICE**

I am employed in the County of Fulton, Georgia; I am over the age of eighteen years and not a party to the within entitled action; my business address is 3379 Peachtree Road NE, Suite 555, Atlanta, GA 30326.  I am a registered user of the CM/ECF system for the United States District Court for the Northern District of Georgia.

On March 2, 2021, I filed, via the ECF system, the foregoing document with the Clerk of the Court.  To the best of my knowledge, all counsel to be served in this action are registered CM/ECF users and will be served by the CM/ECF system when the Clerk of Court files this document.

**I further certify that I have mailed, by certified mail, a copy of this Motion to Respondent, Julie Queler, at her (confirmed as current) mailing address of: 1903 North Swinton Avenue, Delray Beach, Florida 33444. I further certify that I have emailed a copy of this filed Motion to Julie Queler at her (confirmed as current and active) email address of: jpq01@aol.com.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 2, 2021, at Atlanta, Georgia.


_/s/ Tyler Scarbrough_
TYLER SCARBROUGH

8