UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ZACHARY HODGES,<br><br>        Plaintiff,<br><br>   v.<br><br>GM LAW FIRM, LLC; CHANTEL L. GRANT; NATIONAL LEGAL STAFFING SUPPORT, LLC; GREGORY FISHMAN; JULIE QUELER; KEVIN MASON; RESOLVLY, LLC; JG FACTOR, LLC; and JOHN and JANE DOES DEFENDANTS 1-5,<br><br>        Defendants. | CIVIL ACTION NO.<br>1:20-cv-03799-JPB |

## ORDER

Before the Court is Plaintiff Zachary Hodges' ("Hodges") Motion for Entry of Judgment Enforcing the Funding of Settlement Agreement ("Motion"). ECF No. 33. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

Hodges filed a Joint Stipulation of Dismissal on January 7, 2021 ("Stipulation"), signed by all parties who had appeared at that time. ECF No. 31. The Stipulation dismissed the matter ***with prejudice***, pursuant to "Federal Rule of

Civil Procedure 41(a)(1)(ii)."[1] Defendant Julie Queler ("Queler") did not sign the Stipulation. However, on the date the Stipulation was filed, a return of service was not on file for Queler, and Queler had not entered an appearance.

Based on the facts set forth in Hodges' Motion, it appears Hodges agreed to dismiss this action based on Queler's promise (via email) to settle the matter for $25,000. After the case was dismissed, Queler and Hodges entered into a settlement agreement, in which Queler agreed to pay Hodges $25,000 in "full settlement" of his claims (the "Settlement Agreement"). Hodges seeks an order from this Court enforcing the Settlement Agreement because he asserts Queler has not paid the agreed upon amount.

Before rendering a decision in a case, a court has an obligation "to examine its own jurisdiction . . . , even if no party raises the jurisdictional issue." *Cuban Am. Bar Ass'n, Inc. v. Christopher*, 43 F.3d 1412, 1422–23 (11th Cir. 1995) (quoting *Hallandale Professional Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 759 (11th Cir.1991)); *see also Anago Franchising, Inc. v. Shaz,*

---

[1] The Court construes the Stipulation as filed pursuant to Rule 41(a)(1)**(A)**(ii), since that is the only section of Rule 41 containing a subsection "ii." Additionally, section "(a)(1)(A)(ii)" is the only section of Rule 41 that provides for a stipulation of dismissal signed by all the parties, as was filed here. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1275 (11th Cir. 2012) (construing the stipulation of dismissal under the most logical section of Rule 41, given the language in the parties' filing).

*LLC*, 677 F.3d 1272, 1275 (11th Cir. 2012) (stating that a court has "an independent obligation to determine whether jurisdiction exists in each case before [it]" and "may consider questions of jurisdiction *sua sponte* even when . . . the parties have not raised jurisdictional challenges"). Therefore, the Court first considers whether it has jurisdiction to enforce the Settlement Agreement.

> The Eleventh Circuit Court of Appeals is clear that
>
> for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue [an] order retaining jurisdiction . . . prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction.

*Anago*, 677 F.3d at 1280. Thus, in *Anago*, the Eleventh Circuit found that the district court did not retain jurisdiction to enforce the parties' settlement agreement because "the court issued no such order before the case was dismissed[,] and the stipulation was not conditioned by the entry of an order retaining jurisdiction." *Id*. at 1281. The court further explained that "[w]hen the settlement agreement is not made part of a court order, it is merely a private contract arising out of a case in federal court." *Id*. The court noted that the parties were not left without a remedy because they could seek to enforce the agreement in state court. *See id*.

3

Here, this Court did not enter an order retaining jurisdiction of the case prior to the parties' filing of the Stipulation, and the parties did not condition the effectiveness of the Stipulation on the entry of such an order. Therefore, the Court has no jurisdiction to enforce the Settlement Agreement.

For this reason, Hodges' Motion (ECF No. 33) is **DENIED**.

**SO ORDERED** this 3rd day of February, 2022.

_____
J. P. BOULEE
United States District Judge